### UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JOEL A. PISANO<br>JUDGE | Clarkson S. Fisher Building & U.S. Courthouse<br>402 East State Street<br>Trenton, NJ 08608<br>(609) 989-0502 |

May 13, 2014

### LETTER OPINION

Re:  *Theodore J. Liscinski, Jr. v. Jan and Joan Byron Marasek*
Civil Action No. 14-cv-2516 (JAP)

Dear parties:

Presently before the Court is Defendants, Jan and Joan Byron Marasek's (collectively referred to as "Defendants") Motion to Withdraw the Reference [docket #1]. For the reasons stated below, Defendants' Motion is denied.

**A. Standard**

"A district court has original and exclusive jurisdiction over all cases arising under Title 11 of the United States Code, 28 U.S.C. § 1334(a)." *In re Dwek*, 2010 WL 2545174, at *2 (D.N.J. June 18, 2010). Further, "district courts [ ] have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, district courts have the discretion to either hear these cases or refer them, in whole or part, to the bankruptcy judges for the district. 28 U.S.C. § 157(a). Accordingly, the District Court of New Jersey has "referred all proceedings arising under Title 11 to the bankruptcy court pursuant to a standing order of reference dated July 23, 1984." *Kohn v. Haymount Ltd. P'ship, LP,* 2006 WL 2417297, at *1 (D.N.J. Aug. 21, 2006).

Section 157(d) of Title 28 enables a District Court to withdraw the reference for cause shown. *In re Velocita Corp.*, 169 F. App'x 712, 716 (3d Cir. 2006). In determining whether to withdraw the reference, "[r]elevant factors include 'the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.'" *Id.* (citing *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990) (citations omitted)). Additionally, "[t]he threshold factor is whether the proceeding subject to the withdrawal request is "core" or "non-core" to the bankruptcy action." *In re Kara Homes, Inc.*, 2009 WL 2223035, at *1 (D.N.J. July 22, 2009).

"Core proceedings are 'all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11.'" 28 U.S.C. § 157(b)(1); see also *In re Kara Homes, Inc.,* 2009 WL 2223035, at *1 (citing *In re Seven Fields Dev. Corp.,* 505 F.3d 237, 254 (3d Cir.2007)). "A non-core proceeding is one that is 'not a core proceeding but that is otherwise related to a case under title 11.'" 28 U.S.C. § 157(c)(1); *see In re Seven Fields Dev. Corp.,* 505

F.3d at 254. "The bankruptcy judge shall determine. . . whether a proceeding is a core proceeding . . . or is a proceeding that is otherwise related to a case under title 11. . . Thus, the bankruptcy judge, not the district court, determines whether a proceeding is core or non-core." *In re Kara Homes, Inc.*, 2009 WL 2223035, at *1 (internal citation omitted).

### B. Analysis

Defendants seek to withdraw the reference, arguing that a State law issue exists regarding whether real property located at 463 Monmouth Road, Jackson, New Jersey 08527, owned in Trust, is part of the bankruptcy estate. Defendants contend that this is a non-core issue and should be determined by the District Court. However, nowhere in Defendants' moving papers do they allege whether the Bankruptcy Court has determined whether this issue is core or non-core. Rather, Defendants contend that "[t]he Trustee seems to believe that this matter is a core proceeding. . ." [docket #1, p. 5]. As stated above, it is the Bankruptcy Judge, not the District Court, that determines whether a proceeding is core or non-core and accordingly, Defendants' motion to withdraw the reference is premature and must be denied.[1] See *In re Kara Homes, Inc.*, 2009 WL 2223035.

In their moving papers, Defendants also seek to have the Adversary Trial and all related Bankruptcy Court proceedings stayed or adjourned pending the final outcome or disposition of this issue. Defendants' trial in the Bankruptcy Court was scheduled to begin on May 2, 2014, approximately two (2) weeks after the instant motion was filed. On May 1, 2014, however, the Honorable Michael B. Kaplan, United States Bankruptcy Judge, considered this portion of Defendants' motion and, for other reasons, adjourned Defendants' trial to June 19, 2014. As such, Defendants' request to this Court for an adjournment or a stay is moot.

The Court finds that Defendants have not met their burden of demonstrating that withdrawing the reference is proper. Accordingly, Defendants' motion to withdraw the reference must be DENIED.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

---

[1] In any event, even assuming that the issue is not premature, in considering the relevant factors this Court is not convinced that Defendants' reference should be withdrawn. See *In re Int'l Auction & Appraisal Servs. LLC*, 493 B.R. 460, 463 (Bankr. M.D. Pa. 2013) (". . . fraudulent conveyance actions are specifically denoted as 'core' proceedings arising under the Bankruptcy Code and subject to final determination by the bankruptcy court.")